**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4367

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY EDWARD DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (7:06-cr-00063)

Submitted:  December 21, 2007      Decided:  January 17, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

William H. Cleaveland, WILLIAM H. CLEAVELAND, P.L.C., Roanoke,
Virginia, for Appellant. John L. Brownlee, United States Attorney,
Jean B. Hudson, Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Edward Davis pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). In sentencing Davis, the district court departed upward from the armed career criminal guideline range of 188-235 months and imposed a sentence of 260 months imprisonment pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2006). Davis appeals his sentence, contending that the sentence is unreasonable. We affirm.

Davis was fifty-one years old when he was sentenced. He had three criminal history points, but because he had three prior felony convictions for crimes of violence, he qualified for sentencing as an armed career criminal. 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007). Davis' lawyer argued that 235 months was a sentence sufficient to punish him adequately for his crimes and to protect the public. However, the court decided to depart upward to a sentence of 260 months, the equivalent of a one-level increase in the offense level. The court explained that the departure was warranted because criminal history category VI under-represented the seriousness of Davis' criminal history and did not adequately reflect the likelihood that he would commit future crimes. The court also relied on the failure of the guidelines to take into account the circumstances leading to Davis' arrest, which included "uncharged state conduct of discharging a firearm within a residence, [and] . . . the defendant barricading himself inside his

residence," which could "have resulted in additional victims being injured or killed, as well as the inherent safety issues involved with law enforcement officers facing a barricaded suspect."  The court found that the 260-month sentence "appropriately provides for the sentencing objectives as cited in 18 U.S.C. Section 3553(a)[*], specifically the nature and circumstances of the offense, the seriousness of the offense, the need to provide just punishment, [and] the need to protect the public from further crimes of the defendant."

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness.  <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).  When reviewing a departure, the appeals court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." <u>United States v. Hernandez-Villanueva</u>, 473 F.3d 118, 123 (4th Cir. 2007).

A district court may depart upward based on the inadequacy of the defendant's criminal history if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ."  USSG § 4A1.3(a)(1).  However,

_____

[*]18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).

the defendant's arrest record "shall <u>not</u> be considered for purposes of an upward departure under this policy statement."   USSG § 4A1.3(a)(3) (emphasis added).

Here, the court emphasized Davis' long arrest record. However, the court properly relied on the relatively lenient sentences Davis had previously received for robbery, two unlawful wounding convictions, and taking indecent liberties with a child. The court could also consider the uncharged conduct leading to his arrest on the current federal firearm charge and the sentencing goals and factors set out in § 3553(a).  The court's decision to depart was not procedurally or substantively unreasonable, particularly in light of the Supreme Court's recent holding in <u>Gall v. United States</u>, __ S. Ct. __, 2007 WL 4292116, at *7, *13 (Dec. 10, 2007) (No. 06-7949), that appellate courts should review sentences outside the advisory guidelines range for abuse of discretion only.

In addition, the extent of the departure was reasonable. The district court did not explicitly follow the procedure provided in § 4A1.3(a)(4)(B) for departures above category VI, which requires the court to move to higher offense levels until it finds one that yields an adequate guideline range, but an increase of one offense level would produce a guideline range of 210-262 months. The 260-month sentence was within this range.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>